FILED
02 OCT -8 AM 9:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SUPERMARKET DEVELOPERS,
INC.,

    PLAINTIFF,

v.                           CASE NO. CV-01-J-2721-S

SUPERMARKET RETAILING, INC.,
et al.,

ENTERED
OCT 8 2002

## MEMORANDUM OPINION

    Plaintiff Supermarket Developer's, Inc. ("SDI") having filed a motion for summary judgment (doc. 17) and evidence in support thereof (doc. 18) and neither defendant having responded thereto, and the court having considered said motion, the court finds as follows:

    Plaintiff brings this lawsuit based on a loan agreement and promissory notes entered with the defendants and non-party Don Camp[1] in May, 2000 and November, 2000. Complaint at ¶¶ 3-7. Defendant Supermarket Retailing, Inc. ("SRI") and Don Camp were signatories on both of the notes. Defendant Judy Camp was a guarantor on the May note only. Exhibits A2-A4 to plaintiff's evidentiary submissions (doc. 18).

    The defendants defaulted on the notes. Mills affidavit at ¶¶ 11-16. Plaintiff asserts that the principal sum of $1,135,589.00 is due on the notes, as well as interest.

---

[1] Don Camp was originally a defendant in this action. However, he filed a Suggestion of Bankruptcy (doc. 7) upon which the court dismissed him from this case without prejudice (doc. 8).

Mills affidavit at ¶ 17. That amount includes credits against the amount due for the equipment and inventory of defendants' grocery stores, of which the plaintiff has taken possession. *See* Exhibit A5 to plaintiff's evidentiary submissions and counter claim of defendant Judy Camp (doc. 15) at ¶¶ 4-5.

The plaintiff asserts it is due a judgment as a matter of law on the notes. In order to recover on the notes, the plaintiff must (1) produce the notes; (2) prove that the defendants executed the notes; (3) prove default; and (4) establish the amount due. The defendants, having failed to respond to the plaintiff's motion for summary judgment, have not produced any evidence to contest the plaintiff's assertion of default or the amount claimed due. Additionally, defendants do not allege that they did not execute said notes. Hence, defendants have failed to "set forth specific facts showing there is a genuine issue for trial." Rule 56 (e), Fed.R.Civ.Pro. As the Supreme Court has explained:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed.R.Civ.Pro. 56(e). A genuine

issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir.2000), quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995).

Specifically, the court finds that although defendants pleaded accord and satisfaction as well as other defenses, defendants have failed to submit any evidence of such defenses. *See* Answer (doc. 5). The burden of proving accord and satisfaction is on the defendants. *See* Alabama Pattern Jury Instruction 2.04.

As defendants have not responded to plaintiff's motion for summary judgment, the court finds that defendants have failed to establish that any genuine issue of material fact remains for trial;

It is therefore **ORDERED** by the court that judgment be and hereby is entered in favor of plaintiff and against the defendants on the plaintiff's complaint. Judgment shall be entered in favor of the plaintiff, Supermarket Developers, Inc., and against the defendants, Supermarket Retailing, Inc. and Judy Camp, in the amount of $1,135,599.00 plus interest. Plaintiffs are further awarded attorney fees in the amount of $30,000.00, pursuant to defendants' agreement to pay attorney fees under the Guaranty. *See* Guaranty at ¶ 3, submitted as Exhibit A3 to plaintiff's evidentiary submissions, and costs.

**DONE** and **ORDERED** this the _8_ day of October, 2002.

UNITED STATES DISTRICT JUDGE
INGE P. JOHNSON